**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JAMES C. DAY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| OXFORD MANAGEMENT SERVICES, ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| Defendant ) | |
| ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

JAMES C. DAY ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., allege the following against OXFORD MANAGEMENT SERVICES ("Defendant"):

## INTRODUCTION

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. §§ 1692, *et seq.*

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the State of Delaware and therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

- 1 -

5.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff is a natural person residing in Wilmington, Delaware, 19808.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a national debt collection company with corporate headquarters located at 4180 Okeechobee Road, Fort Pierce, Florida, 34947.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and repeatedly contacted Plaintiffs in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.     In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not

-2-

engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff for a GMAC auto loan.

- 3 -

16.     The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17.     On November 25, 2009, Plaintiff contacted GMAC and requested an account summary, including payments made and unpaid balance. GMAC advised that the balance was $420.20. Plaintiff immediately sent check #2176 for that amount to GMAC. A true and correct copy of Plaintiff's December bank records is attached hereto as Exhibit "A".

18.     On December 8, 2009, after Plaintiff had paid off the loan, GMAC resubmitted an earlier check, #2155 for $360.00. See Exhibit "B".

19.     On December 10, 2009, Plaintiff received a letter from GMAC congratulating him for paying off his auto loan and enclosing the Certificate of Title, releasing the lien. A true and correct copy of the December 10, 2009 letter is attached hereto as Exhibit "C".

20.     Beginning on or around December 15, 2009 and continuing until September 2010, Defendant, its agents, employees, and servants engaged in debt collection activities seeking payment from Plaintiff of additional amounts.

21.     Specifically, Defendant and its employee identified as "William Beemdiz", harassed Plaintiff in an attempt to collect the alleged debt.

22.     Defendant and its employees and servants harassed Plaintiff by making an extreme number of unfounded collection calls to his home, originating from phone number; (800) 801-3941. The undersigned has confirmed that this number belongs to the Defendant.

23.     On or around September 1, 2010, Defendant's agent "William Beendiz" called Plaintiff and insisted that Plaintiff still owed $375.00 to GMAC.

24.     Plaintiff was surprised to receive this call, in light of the December 10, 2009 letter removing the lien and enclosing the Certificate of Title.

- 4 -

PLAINTIFF'S COMPLAINT

25.   "William Beendiz" was adamant that GMAC was still owed $375.00.

26.   Based upon the claims and threats by "William Beendiz", Plaintiff felt that he had no choice but to acquiesce to the demands of Defendant.

27.   Plaintiff told "William Beendiz" that he lacked sufficient funds at that time to which Beendiz responded that payment of $350.00 immediately would satisfy the debt.

28.   Beendiz went on to deceive Plaintiff by claiming that "a lien" had been placed on the Certificate of Title and that it "was cheaper to get the money from (Plaintiff), than to reposess the automobile."

29.   On September 17, 2010, Plaintiff called Defendant to explain that his work hours were cut and he could not pay the alleged debt.

30.   Defendant told Plaintiff that the debt would be considered paid in full if Plaintiff paid $300.00.

31.   Plaintiff reluctantly agreed to make monthly payments, and reluctantly provided Defendant with his bank account information.

32.   On September 17, 2010 Defendant removed $62.95 from Plaintiff's bank account. A true and correct copy of Plaintiff's September bank record is attached hereto as Exhibit "D".

33.   On October 15, Defendant took out another payment of $62.95 from Plaintiff's bank account by Defendant. A true and correct copy of Plaintiff's October bank records is attached hereto as Exhibit "E".

34.   Upon information and belief, Defendant sought to collect a debt from Plaintiff despite the fact that no debt was due, and no reliable documentation was relied upon in making a demand for payment.

35.   Defendant knew that a lien cannot be placed on a motor vehicle title in the

PLAINTIFF'S COMPLAINT

manner Defendant claimed it had been and that in fact, no such lien had been placed on the title after December 10, 2009.

36.     Upon information and belief, Defendant took money from Plaintiff's checking account by employing deceptive and fraudulent collection tactics and practices.

37.     Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

39.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

40.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

41.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano

- 6 -

v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced."  Id.  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices.  Clomon, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

42.     In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a.  Defendant violated of the FDCPA generally;

    b.  Defendant violated § 1692d of the FDCPA by harassing Plaintiff with voice messages in connection with the collection of an alleged debt;

    c.  Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff;

    d.  Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

- 7 -

PLAINTIFF'S COMPLAINT

e.  Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt;

f.  Defendant violated § 1692e(10) of the FDCPA by use of false representation or deceptive means to collect or attempt to collect banking information;

g.

h.  Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

i.  Defendant violated §1692f(6) of the FDCPA by threatening to repossess Plaintiff's vehicle when there was no present right to do so and no intention to do so.

j.  Defendant violated § 1692g(a) of the FDCPA by failing to send written notification, within 5 days after its initial communication, advising of Plaintiff's rights to dispute the debt or request verification of the debt;

k.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.


WHEREFORE, Plaintiff, JAMES C. DAY, respectfully pray for a judgment as follows:

a.  All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.  Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

1

2

### DEMAND FOR JURY TRIAL

3

    Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this

4

action, and any issues relating to the amount of attorneys' fees and litigation costs to be awarded

5

should Plaintiff prevail on any of her claims in this action.

6

7

                                     RESPECTFULLY SUBMITTED,

8

                                       KIMMEL & SILVERMAN, P.C

9

10

Date:  1-14-1

11

                                      By: /s/ Christopher Componovo
                                            W Christopher Componovo
                                            Attorney ID # 3234

12

                                            Kimmel & Silverman, PC

13

                                            Silverside Carr Executive Center
                                            Suite 118, 501 Silverside Road

14

                                            Wilmington, DE 19809
                                            (302) 791-9373 phone

15

                                            (302) 791-9476 fax

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT