# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES C. DAY,<br><br>   Plaintiff<br><br>  v.<br><br>OXFORD MANAGEMENT SERVICES and ROBERT MARTIN, Individually and on behalf of Oxford Management Services,<br><br>   Defendants | Case No.: **1:11-cv-00058-GMS**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## AMENDED COMPLAINT

JAMES C. DAY ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against OXFORD MANAGEMENT SERVICES and ROBERT MARTIN, Individually and on behalf of Oxford Management Services ("Defendants"):

## INTRODUCTION

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

1

Exhibit "A"

3.      Defendants conducts business in the State of Delaware and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff is a natural person residing in Wilmington, Delaware, 19808.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant OXFORD MANAGEMENT SERVICES (hereinafter "Defendant OXFORD") is a national debt collection company with its corporate headquarters located at 4180 Okeechobee Road in Fort Pierce, Florida, 34947.

9.      Defendant ROBERT MARTIN, Individually and on behalf of Oxford Management Services (hereinafter "Defendant MARTIN"), is the owner of Defendant OXFORD located at 4180 Okeechobee Road in Fort Pierce, Florida, 34947.

10.     At all relevant times, Defendants OXFORD and MARTIN acted as is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and attempted to collect a consumer debt from Plaintiff.

11.     Defendants acted through their its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

12.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties.

2

See 15 U.S.C. § 1692 *et seq.*  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

13.  In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.  The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

14.  In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.  Congress

additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

15.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.   The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

16.     At all relevant times, Defendants OXFORD AND MARTIN were ~~was~~ attempting to collect an alleged consumer debt from Plaintiff for a GMAC auto loan.

17.     The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

18.     On November 25, 2009, Plaintiff contacted GMAC and requested an account summary, including payments made and unpaid balance.   ~~GMAC advised that the balance was $420.20. Plaintiff immediately sent check #2176 for that amount to GMAC. A true and correct copy of Plaintiff's December bank records is attached hereto as Exhibit "A".~~

19.     GMAC advised Plaintiff that the balance was $420.20.

20.     Plaintiff immediately sent a check (no. 2176) for $420.20 to GMAC.  A true and correct copy of Plaintiff's December bank records is attached hereto as Exhibit "A".

21.     On December 8, 2009, after Plaintiff had paid off the loan, GMAC resubmitted an earlier check, ~~#2155~~ (no. 2155) for $360.00. See Exhibit "B".

22.     Then, on December 10, 2009, Plaintiff received a letter from GMAC congratulating him for paying off his auto loan and enclosing the Certificate of Title, releasing

4

the lien.  A true and correct copy of GMAC's December 10, 2009, letter is attached hereto as Exhibit "C".

23.    Beginning on or around December 15, 2009, and continuing through September 2010, Defendants OXFORD and MARTIN, by and through their ~~its~~ agents, employees, and servants, engaged in debt collection activities seeking and demanding payment from Plaintiff ~~of additional amounts~~ for the GMAC auto loan, which had already been paid in full.

24.    In its attempts to collect a debt, Defendants OXFORD and MARTIN, by and through their employees and agents, made continuous and repeated telephone calls to Plaintiff's home telephone number, originating from phone number: (800) 801-3941, which the undersigned has confirmed belongs to Defendant OXFORD.

~~21.    Specifically, Defendant and its employee identified as "William Beemdiz", harassed Plaintiff in an attempt to collect the alleged debt.~~

~~22.    Defendant and its employees and servants harassed Plaintiff by making an extreme number of unfounded collection calls to his home, originating from phone number; (800) 801-3941.  The undersigned has confirmed that this number belongs to the Defendant.~~

25.    Then, on or about ~~around~~ September 1, 2010, Specifically, Defendants' agent, "William Beendiz," called Plaintiff and claimed ~~insisted~~ that Plaintiff still owed $375.00 to GMAC.

26.    Plaintiff was surprised to receive this call, in light of ~~the~~ his December 10, 2009, letter from GMAC removing the lien and enclosing the Certificate of Title.

27.    Despite knowing this information, "William Beendiz" remained ~~was~~ adamant that Plaintiff still owed ~~that~~ GMAC ~~was still owed~~ $375.00.

28.    Beendiz further claimed to Plaintiff that "a lien" had been placed on the

5

Certificate of Title and that it "was cheaper to get the money from (Plaintiff), than to repossess the automobile," knowing that this was a false and deceptive statement.

29. ~~Based upon the claims and threats by "William Beendiz",~~ Believing that Beendiz was correct and that his car could be repossessed, Plaintiff felt that he had no choice but to acquiesce to the demands of Defendant and pay the $375.00.

30. Plaintiff told "William Beendiz" that he lacked sufficient funds at that time to pay the full amount, to which Beendiz responded that payment of $350.00 immediately would satisfy the debt.

31. ~~Beendiz went on to deceive Plaintiff by claiming that "a lien" had been placed on the Certificate of Title and that it "was cheaper to get the money from (Plaintiff), than to reposes the automobile."~~

32. ~~On September 17, 2010, Plaintiff called Defendant to explain that his work hours were cut and he could not pay the alleged debt.~~

33. ~~Defendant told Plaintiff that the debt would be considered paid in full if Plaintiff paid $300.00.~~

34. Plaintiff reluctantly agreed to make monthly payments and ~~reluctantly~~ provided Defendant OXFORD with his bank account information.

35. Thereafter, on September 17, 2010, Plaintiff called Defendant OXFORD to explain that his work hours were cut and he could not pay the alleged debt.

36. Defendant OXFORD told Plaintiff that the debt would be considered paid in full if Plaintiff paid $300.00, which Plaintiff explained that he could not do.

37. On September 17, 2010, Defendant removed $62.95 from Plaintiff's bank account. A true and correct copy of Plaintiff's September bank record is attached hereto as

6

Exhibit "D".

38.     On October 15, 2010, Defendant <u>OXFORD</u> took out another payment of $62.95 from Plaintiff's bank account ~~by Defendant.~~ A true and correct copy of Plaintiff's October bank records is attached hereto as Exhibit "E".

39.     Upon information and belief, Defendant<u>s OXFORD and MARTIN</u> sought to collect a debt from Plaintiff despite the fact that no debt was due, and no reliable documentation was relied upon in making a demand for payment.

40.     Defendant<u>s OXFORD and MARTIN</u> knew that a lien <u>could not</u> ~~cannot~~ be placed on a motor vehicle title in the manner Defendant <u>OXFORD</u> claimed, ~~it had been~~ and that in fact, no such lien had been placed on the title after December 10, 2009.

41.     Upon information and belief, Defendant took money from Plaintiff's checking account by employing deceptive and fraudulent collection tactics and practices.

42.     Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

43.     The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." <u>Russell v. Equifax A.R.S.</u>, 74 F. 3d 30 (2d Cir. 1996); <u>see also Gearing v. Check Brokerage Corp.</u>, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); <u>Clomon v. Jackson</u>, 988 F. 2d 1314 (2d Cir. 1993).

PLAINTIFF'S <u>AMENDED</u> COMPLAINT

44.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor.  <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235 (W.D. Wash. 2006).  The remedial nature of the FDCPA requires that courts interpret it liberally.  <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer."  <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

45.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard.  <u>See Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced."  <u>Id.</u>  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices.  <u>Clomon</u>, 988 F. 2d at 1318.

## COUNT I
## DEFENDAN<u>TS</u> VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

46.     In its actions to collect a disputed debt, Defendan<u>ts</u> violated the FDCPA in one or more of the following ways:

   a.  Defendan<u>ts</u> violated of the FDCPA generally;

8

b. Defendants violated §1692d of the FDCPA by harassing Plaintiff with phone calls and voicemail messages in connection with the collection of an alleged debt;

c. Defendants violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff;

d. Defendants violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

e. Defendants violated §1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt;

f. Defendants violated §1692e(10) of the FDCPA by use of false representation or deceptive means to collect or attempt to collect banking information;

g. Defendants violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

h. Defendants violated §1692f(6) of the FDCPA by threatening to repossess Plaintiff's vehicle when there was no present right to do so and no intention to do so.

i. Defendants violated §1692g(a) of the FDCPA by failing to send written notification, within 5 days after its initial communication, advising of Plaintiff's rights to dispute the debt or request verification of the debt; and

j. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

9

WHEREFORE, Plaintiff, JAMES C. DAY, respectfully prays for a judgment against Defendants OXFORD and MARTIN as follows:

    a.      All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.      Statutory damages of $1,000.00 for the ~~each~~ violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.      Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

Date:                      By: /s/ W. Christopher Componovo
                             W. Christopher Componovo
                             Attorney ID # 3234
                             Kimmel & Silverman, P.C.
                             Silverside Carr Executive Center
                             Suite 118, 501 Silverside Road
                             Wilmington, DE 19809
                             Phone: (302) 791-9373
                             Fax: (302) 791-9476

10

# All-in-One Statement

WILMINGTON TRUST COMPANY

5307034
JAMES COLES DAY JR.
26 2ND AVE
WILMINGTON DE 19808-4966

## It's time to fine-tune your retirement plan.

Paying off a mortgage? Planning for college expenses?
While it's important to budget for your needs today, it's equally important
to make sure you're financially prepared for the future.
And Wilmington Trust can help.

Make sure you're on track to meet your retirement goals.
Schedule your free consultation today. We'll evaluate your current retirement
portfolio at no cost or obligation. And we'll give you unbiased advice for
refining your plan for the long term.

There's no cost or obligation.
Schedule your free consultation today.
Call 1.866.521.4120 or visit witretirementsavings.com

©2009 Wilmington Trust Company and Wilmington Trust FSB. Member FDIC.



# All-in-One Statement

## To Change Your Address or Add Accounts to Your All-in-One Statement

☐ **Check for address change**

Name _____

Second Name (if joint account) _____

Street Address _____

City State Zip _____

Telephone _____

Signature _____

**Check box to add an account to your statement**

Account     Account Number

☐ Savings _____

☐ Loan _____

☐ Cert. of Deposit _____

☐ IRA _____

☐ Other _____

Please give checking account number for statement on which accounts above are to be included.
Please clip and mail to: Deposit Operations, Wilmington Trust, Rodney Square North, 1100 North Market Street, Wilmington, DE 19890-1705

## To reconcile your checking account register with this statement, follow these simple steps:

• Mark in your register those checks or other withdrawals reported on this statement. Compare the statement amounts with those in your register.

• In the worksheet (top chart on the right), list all issued checks or other withdrawals that have not yet been reported on your statement (not marked in your register as described above). Total these items.

• Deduct from the balance in your register any service fee or other charge (including automatic deductions) which you have not already recorded in your register.

• Compare all deposits and other credit items on your statement with corresponding entries in your register. In the worksheet (bottom chart on the right), list any deposit or credit item(s) not previously entered, including any interest paid to your account, then follow the instructions below.

1) Enter the ending balance as shown on this statement on line 1.   **1** _____

2) Enter the total from bottom worksheet on line 2.   **2 +** _____

3) Total lines 1 and 2 and enter the total on line 3.   **3** _____

4) Enter total from top worksheet on line 4.   **4 -** _____

5) Balance (subtract line 4 from line 3) and enter on line 5.   **5** _____

**IF THE BALANCE DOES NOT AGREE WITH YOUR REGISTER**

1) Recheck additions and subtractions in your register as well as your worksheets from steps 2 and 4.

2) Be sure register balances have been carried forward correctly from page to page.

3) Call us - we will be happy to assist you in reconciling your statement.

| OUTSTANDING CHECKS (WITHDRAWALS) | |
|---|---|
| CHECK # | AMOUNT |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
| TOTAL |  |

| OUTSTANDING DEPOSITS | |
|---|---|
| DATE | AMOUNT |
|  |  |
|  |  |
|  |  |
| TOTAL |  |

## In case of errors or questions about your account, statement, or electronic transfers

Call Client Services at 302.652.2378 in Delaware or toll free at 1.800.513.2378 outside of Delaware or write to us at: Wilmington Trust, Client Services, P.O. Box 8894, Wilmington, DE 19899-8894. If you think your statement is incorrect or if you need more information about any transaction listed on your statement, PLEASE CONTACT WILMINGTON TRUST IMMEDIATELY. We must hear from you no later than 60 days after we sent the FIRST statement on which the problem or error appeared. When you contact us, either by phone or in writing, please:

    1) State your name and account number (if any).

    2) State the dollar amount of the suspected error.

    3) Describe the error or the transaction you are unsure about, and explain as clearly as you can why you believe it is an error or why you need more information.

Wilmington Trust will investigate whether an error has occurred and will correct any error promptly. If we take more than 10 business days to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete the investigation.

# All-in-One Statement

JAMES COLES DAY JR          Last Statement Date 07/17/09     This Statement Date 08/19/09

## SERVICES SUMMARY

## SERVICES SUMMARY

| Service | Account | Balance |
|---|---|---|
| CUSTOM CHECKING | | 764.84 |
| INSTANT ACCESS SAVINGS | | 259.82 |

## CUSTOM CHECKING

| | Average Balance: | 484.37 |
|---|---|---|

### Summary

| | | |
|---|---|---|
| Previous Balance | 07/17/2009 | 4.54 |
| Deposits/Credits | 2 Deposits and 4 other credits | 3,742.79 |
| Withdrawals/Debits | 5 Checks and 28 other debits | 2,982.49 |
| Ending Balance | 08/19/2009 | 764.84 |

### Check Activity    *Denotes a gap in sequence

| Date Paid | Check # | Amount | | Date Paid | Check # | Amount |
|---|---|---|---|---|---|---|
| 08/17 | 2 | 150.00 | | | | |
| 08/14 | 2151* | 50.00 | | 08/14 | 2156 | 29.00 |
| 08/09 | 2152 | 100.00 | | | | |

### All Other Activity

| Date | Credits | Debits | Description | |
|---|---|---|---|---|
| 07/20 | | 10.00 | ATM WITHDRAWAL | ASTRO PLAZA  WTC |

# All-in-One Statement

JAMES COLES DAY JR

Last Statement Date 07/17/09     This Statement Date 08/19/09

## All Other Activity (Cont.)

| Date | Credits | Debits | Description |
|------|---------|--------|-------------|
| 07/20 | | 35.00 | OVERDRAFT CHARGE – SEE DAILY BALANCE |
| 07/22 | 1,131.30 | | DEPOSIT – US TREASURY 303  SOC SEC |
| 07/22 | | 11.00 | PLUS WITHDRAWAL    1251 CENTERVILLE  WILMINGTON  DE |
| | | | AMOUNT CONTAINS 1.00 FEE LEVIED BY ATM OWNER |
| 07/23 | 564.59 | | DEPOSIT – ............ |
| 07/23 | | 112.57 | QUICKCHECK PURCHASE ON 07/22 |
| | | | WAL-MART #5436 1251 CENTERVI WILMINGTON    DE |
| 07/24 | | 63.50 | STAR WITHDRAWAL    DEL PARK 10 |
| 07/24 | | 83.50 | STAR WITHDRAWAL    DEL PARK 11 |
| 07/24 | | 103.50 | STAR WITHDRAWAL    DEL PARK 11 |
| 07/24 | | 103.50 | STAR WITHDRAWAL    DEL PARK 11 |
| 07/28 | | 75.00 | PREAUTHORIZED DELMARVA POWER  CHECKPAYMT  CHECK    2153 |
| 07/31 | | 39.00 | ON-LINE PAYMENT TO STANDBY CR |
| 07/31 | | 60.00 | ATM WITHDRAWAL    ASTRO PLAZA  WTC |
| 07/31 | | 185.00 | ATM TRANSFER TO SAVINGS  6001-3888    AT ASTRO PLAZA  WTC |
| 07/31 | | 610.00 | ON-LINE PAYMENT TO MURRAY MANOR |
| 08/03 | | 15.00 | ATM WITHDRAWAL    ASTRO PLAZA  WTC |
| 08/03 | | 30.00 | QUICKCHECK PURCHASE ON 07-31 |
| | | | RAY'S CERTIFIED AUTO REWILMINGTON  DE |
| 08/06 | 505.15 | | DEPOSIT – |
| 08/06 | | 11.00 | PLUS WITHDRAWAL    1251 CENTERVILLE  WILMINGTON  DE |
| | | | AMOUNT CONTAINS 1.00 FEE LEVIED BY ATM OWNER |
| 08/07 | | 43.50 | STAR WITHDRAWAL    DEL PARK 11 |
| 08/07 | | 50.00 | ATM WITHDRAWAL    ASTRO PLAZA  WTC |
| 08/07 | | 63.50 | STAR WITHDRAWAL    DEL PARK 11 |
| 08/07 | | 63.50 | STAR WITHDRAWAL    DEL PARK 11 |



# All-in-One Statement

JAMES COLES DAY JR       Last Statement Date 07/17/09     This Statement Date 08/19/09

## All Other Activity (Cont.)

| Date | Credits | Debits | Description |
|------|---------|--------|-------------|
| 08/07 | | 66.32 | QUICKCHECK PURCHASE ON 08/06 |
| | | | WAL-MART #5436 1251 CENTERVI WILMINGTON   DE |
| 08/10 | | 11.00 | PLUS WITHDRAWAL    1251 CENTERVILLE |
| | | | WILMINGTON   DE |
| | | | AMOUNT CONTAINS 1.00 FEE LEVIED BY ATM OWNER |
| 08/12 | 360.00 | | RETURNED FOR INSUFFICIENT FUNDS |
| 08/12 | | 35.00 | RETURN CHECK CHARGE |
| 08/13 | | 103.50 | STAR WITHDRAWAL    DEL PARK 11 |
| 08/14 | | 83.50 | STAR WITHDRAWAL    DEL PARK 11 |
| 08/14 | | 70.00 | OVERDRAFT CHARGE - SEE DAILY BALANCE |
| 08/17 | 821.75 | | DEPOSIT |
| 08/18 | | 150.00 | ATM WITHDRAWAL      ASTRO PLAZA  WTC |
| 08/19 | 360.00 | | DEPOSIT |
| 08/19 | | 6.00 | PLUS SYSTEM TRANSACTION FEE |

## Daily Balance

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| 07/20 | 40.46- | 08/03 | 63.76 | 08/14 | 110.91- |
| 07/22 | 1,079.84 | 08/06 | 557.91 | 08/17 | 560.84 |
| 07/23 | 1,531.76 | 08/07 | 271.09 | 08/18 | 410.84 |
| 07/24 | 1,177.76 | 08/10 | 260.09 | 08/19 | 764.84 |
| 07/28 | 1,102.76 | 08/12 | 225.09 | | |
| 07/31 | 208.76 | 08/13 | 121.59 | | |

# All-in-One Statement

JAMES COLES DAY JR          Last Statement Date 07/17/09      This Statement Date 08/19/09

## INSTANT ACCESS SAVINGS

**Average Balance:**                                          25.01

### Summary

| | | |
|---|---|---|
| Previous Balance | 07/20/2009 | 5.09 |
| Deposits/Credits | 1 Deposit and 2 other credits | 514.71 |
| Withdrawals/Debits | 0 Checks and 6 other debits | 259.98 |
| Ending Balance | 08/19/2009 | 259.82 |
| Year-to-Date Interest Paid | | 0.05 |

### All Other Activity

| Date | Credits | Debits | Description |
|---|---|---|---|
| 07/20 | | 10.00 | ATM WITHDRAWAL        ASTRO PLAZA   WTC |
| 07/20 | | 35.00 | OVERDRAFT CHARGE - SEE DAILY BALANCE |
| 07/31 | 185.00 | | ATM TRANSFER FROM CHECKING |
| | | | 2741-       AT ASTRO PLAZA   WTC |
| 08/03 | 75.68 | | DEPOSIT - FIDELITY INVESTM PENSION |
| 08/03 | | 74.20 | PREAUTHORIZED NATIONWIDE       INS PREM |
| 08/05 | | 128.78 | PREAUTHORIZED NATIONWIDE       INS PREM |
| 08/10 | | 10.00 | ATM WITHDRAWAL        ASTRO PLAZA   WTC |
| 08/19 | 254.03 | | DEPOSIT |
| 08/19 | | 2.00 | SERVICE FEE BASED ON |
| | | | AVERAGE BALANCE OF $25 |

### Daily Balance

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 07/20 | 39.91 | 08/03 | 146.57 | 08/10 | 7.79 |
| 07/31 | 145.09 | 08/05 | 17.79 | 08/19 | 259.82 |

10/0.

# All-in-One Statement

JAMES COLES DAY JR                    Last Statement Date 07/17/09        This Statement Date 08/19/09



#2        08/17/09     $150.00          #2151        08/14/09     $50.00

#2152     08/03/09     $100.00

#2156     08/14/09     $29.00

# All-in-One Statement

**WILMINGTON TRUST COMPANY**



0309164
JAMES COLES DAY JR
26 2ND AVE
WILMINGTON DE 19808-4966

**IMPORTANT INFORMATION ABOUT YOUR ACCOUNT:**

**Fee Changes:**
Beginning February 1, 2010, Wilmington Trust will implement the following fees on personal and business accounts:

**$10 Excessive Transaction Fee**
On Savings and Money Market accounts, this fee will be charged each time a transfer or withdrawal is made that exceeds the limit of 6 such transactions per calendar month (or statement cycle of at least 4 weeks). Transfers or withdrawals include those made (1) to another one of your accounts with us or to a third party through pre-authorized or automatic transfers from your account (including overdraft transfers) or transfers made through the Internet (using Online Banking); (2) by telephone (including using Touch-Tone Banking); (3) by wire transfer; (4) by check, draft, debit card or similar order made by you and payable to third parties. If you repeatedly make more than 6 withdrawals or transfers during a calendar month, we may have to close your account.

**$25 Escheat Fee**
If there has been no client-initiated activity on your account for the number of years specified under the unclaimed property laws of your state of residence (typically 3 or 5 years), and we are not able to contact you at the last known address we have on file for you, we are required to turn over (called "escheat") your account balance to your state's escheatment agency. When permitted by applicable law, we will deduct a $25 Escheat Fee from your account balance to cover our escheat processing costs before turning over the balance to the escheatment agency.

**Funds Availability Changes for Checking Accounts (Regulation CC)**
Effective December 12, 2009, the Federal Reserve will restructure some of its check-processing operations and, as a result, routing numbers beginning with the following numbers will be considered nonlocal checks for funds availability purposes and all other routing numbers will be considered local checks 0610, 0611, 0612, 0613, 0620, 0621, 0622, 0630, 0631, 0632, 0640, 0641, 0642, 0650, 0651, 0652, 0653, 0654, 0655, 0660, 0670, 0810, 0812, 0813, 0819, 0820, 0829, 0840, 0841, 0842, 0843, 0865, 2010, 2011, 2012, 2013, 2020, 2021, 2022, 2040, 2041, 2042, 2050, 2051, 2052, 2053, 2054, 2055, 2820, 2829, 2840, 2841, 2842, 2843, 2630, 2631, 2632, 2660, 2670, 2810, 2812, 2815, 2919, 2865. Please refer to your Deposit Account Agreement for more information on funds availability and how these routing number changes will impact you.



PLAINTIFF'S EXHIBIT B
ALL-STATE LEGAL®

**Client Service—** For your convenience, help is available in English or en Espanol.
Call us at 1.800.529.2378 or visit us online at www.wilmingtontrust.com

# All-in-One Statement

## To Change Your Address or Add Accounts to Your All-in-One Statement

☐ **Check for address change**

Name _____

Second Name (if joint account) _____

Street Address _____

City State Zip _____

Telephone _____

Signature _____

**Check box to add an account to your statement**

| Account | Account Number |
|---|---|
| ☐ Savings | _____ |
| ☐ Loan | _____ |
| ☐ Cert. of Deposit | _____ |
| ☐ IRA | _____ |
| ☐ Other | _____ |

Please give checking account number for statement on which accounts above are to be included.
Please clip and mail to: Deposit Operations, Wilmington Trust, Rodney Square North, 1100 North Market Street, Wilmington, DE 19890-1705.

## To reconcile your checking account register with this statement, follow these simple steps:

* Mark in your register those checks or other withdrawals reported on this statement. Compare the statement amounts with those in your register.
* In the worksheet (top chart on the right), list all issued checks or other withdrawals that have not yet been reported on your statement (not marked in your register as described above). Total these items.
* Deduct from the balance in your register any service fee or other charge (including automatic deductions) which you have not already recorded in your register.
* Compare all deposits and other credit items on your statement with corresponding entries in your register. In the worksheet (bottom chart on the right), list any deposit or credit item(s) not previously entered, including any interest paid to your account, then follow the instructions below.

| OUTSTANDING CHECKS (WITHDRAWALS) | |
|---|---|
| CHECK # | AMOUNT |
| | |
| | |
| | |
| | |
| | |
| | |
| **TOTAL** | |

1) Enter the ending balance as shown on this statement on line 1.  **1** _____
2) Enter the total from bottom worksheet on line 2.  **2** + _____
3) Total lines 1 and 2 and enter the total on line 3.  **3** _____
4) Enter total from top worksheet on line 4.  **4** - _____
5) Balance  (subtract line 4 from line 3) and enter on line 5.  **5** _____

| OUTSTANDING DEPOSITS | |
|---|---|
| DATE | AMOUNT |
| | |
| | |
| | |
| **TOTAL** | |

**IF THE BALANCE DOES NOT AGREE WITH YOUR REGISTER**
1) Recheck additions and subtractions in your register as well as your worksheets from steps 2 and 4.
2) Be sure register balances have been carried forward correctly from page to page.
3) Call us - we will be happy to assist you in reconciling your statement.

## In case of errors or questions about your account, statement, or electronic transfers

Call Client Services at 302.652.2378 in Delaware or toll free at 1.800.523.2378 outside of Delaware or write to us at Wilmington Trust, Client Services, P.O. Box 8854, Wilmington, DE 19899-8854. If you think your statement is incorrect or if you need more information about any transaction listed on your statement, PLEASE CONTACT WILMINGTON TRUST IMMEDIATELY. We must hear from you no later than 60 days after we sent the FIRST statement on which the problem or error appeared. When you contact us, either by phone or in writing, please:

1) State your name and account number (if any).
2) State the dollar amount of the suspected error.
3) Describe the error or the transaction you are unsure about, and explain as clearly as you can why you believe it is an error or why you need more information.

Wilmington Trust will investigate whether an error has occurred and will correct any error promptly. If we take more than 10 business days to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete the investigation.

# All-in-One Statement

JAMES COLES DAY JR          Last Statement Date 11/18/09       This Statement Date 12/17/09

## SERVICES SUMMARY

| Service | Account | Balance |
|---|---|---|
| CUSTOM CHECKING | | 35.84 |
| INSTANT ACCESS SAVINGS | | 303.17 |

## CUSTOM CHECKING

Average Balance:                                              482.95

### Summary

| | | |
|---|---|---|
| Previous Balance | 11/18/2009 | 4.98 |
| Deposits/Credits | 1 Deposit and 10 other credits | 4,092.51 |
| Withdrawals/Debits | 6 Checks and 24 other debits | 4,061.65 |
| Ending Balance | 12/17/2009 | 35.84 |

### Check Activity                    *Denotes a gap in sequence

| Date Paid | Check # | Amount | | Date Paid | Check # | Amount |
|---|---|---|---|---|---|---|
| 12/08 | 2175 | 360.00 | #2 | 12/17 | 2178 | 200.72 |
| 12/01 | 2176* | 420.20 | 3 | 12/15 | 2179 | 325.00 |
| 12/03 | 2177 | 35.00 | | 12/15 | 2180 | 300.00 |

### All Other Activity

| Date | Credits | Debits | Description |
|---|---|---|---|
| 11/23 | 200.00 | | ATM DEPOSIT AT ASTRO PLAZA  WTC ON 11/22 AT 16:43 |
| 11/23 | | 63.50 | STAR WITHDRAWAL    DEL PARK 11 |
| 11/25 | 604.37 | | DEPOSIT |

# All-in-One Statement

JAMES COLES DAY JR                          Last Statement Date 11/18/09      This Statement Date 12/17/09

## All Other Activity (Cont.)

| Date | Credits | Debits | Description |
|------|---------|--------|-------------|
| 11/25 | 1,131.30 | | DEPOSIT - US TREASURY 303 SOC SEC |
| 11/27 | | 103.50 | STAR WITHDRAWAL    DEL PARK 3 WILMINGTON  DE AMOUNT CONTAINS 3.50 FEE LEVIED BY ATM OWNER |
| 11/27 | | 142.37 | QUICKCHECK PURCHASE ON 11/25 WAL-MART #5436 1251 CENTERVI WILMINGTON   DE |
| 11/27 | | 143.50 | STAR WITHDRAWAL    DEL PARK 11 |
| 11/27 | | 163.50 | STAR WITHDRAWAL    DEL PARK 11 |
| 11/30 | 190.00 | | TOUCH TONE TRANSFER FROM SAVINGS        6001-3888 |
| 11/30 | 200.00 | | ATM TRANSFER FROM SAVINGS     6001-3888   AT ASTRO PLAZA  WTC |
| 11/30 | | 40.00 | TOUCH TONE TRANSFER TO SAVINGS        6001-3888 |
| 11/30 | | 43.50 | STAR WITHDRAWAL    DEL PARK 11 |
| 11/30 | | 108.36 | QUICKCHECK PURCHASE ON 11/27 VZWRLSS IVRDEB VZWRLSS IVRDE FOLSOM     CA |
| 11/30 | | 143.50 | STAR WITHDRAWAL    DEL PARK 10 |
| 11/30 | | 200.00 | ATM WITHDRAWAL       ASTRO PLAZA   WTC |
| 12/01 | | 39.00 | ON-LINE PAYMENT TO STANDBY CR. |
| 12/01 | | 52.00 | PREAUTHORIZED DELMARVA POWER   CHECKPAYMT CHECK   2172 |
| 12/01 | | 610.00 | ON-LINE PAYMENT TO MURRAY MANOR |
| 12/07 | | 43.50 | STAR WITHDRAWAL    DEL PARK 10 |
| 12/07 | | 35.00 | OVERDRAFT CHARGE - SEE DAILY BALANCE |
| 12/08 | | 35.00 | RETURN CHECK CHARGE |
| 12/10 | 871.84 | | DEPOSIT - WAL-MART ASSOCS. PAYROLL |
| 12/11 | 35.00 | | REFUND OF RETURN CHARGE |
| 12/11 | 100.00 | | DEPOSIT |
| 12/14 | 300.00 | | ATM DEPOSIT AT ASTRO PLAZA  WTC ON 12/13 AT 14:23 |

# All-in-One Statement

JAMES COLES DAY JR                    Last Statement Date 11/18/09      This Statement Date 12/17/09

## All Other Activity (Cont.)

| Date | Credits | Debits | Description |
|------|---------|--------|-------------|
| 12/14 | | 63.50 | STAR WITHDRAWAL    DEL PARK 10 |
| 12/14 | | 63.50 | STAR WITHDRAWAL    DEL PARK 11 |
| 12/14 | | 63.50 | STAR WITHDRAWAL    DEL PARK 11 |
| 12/14 | | 70.00 | ATM TRANSFER TO SAVINGS |
| 12/14 | | 83.50 | 6001-3888   AT ASTRO PLAZA   WTC<br>STAR WITHDRAWAL    DEL PARK 11 |
| 12/14 | | 103.50 | STAR WITHDRAWAL    DEL PARK 10 |
| 12/15 | 100.00 | | PLUS TRANSFER    1251 CENTERVILLE R |
| 12/17 | | 2.00 | WILMINGTON .DE<br>STAR TRANSACTION FEE |
| 12/17 | | 5.00 | PLUS SYSTEM TRANSACTION FEE |



## Daily Balance

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| 11/19 | 4.98 | 12/01 | 57.72 | 12/11 | 916.06 |
| 11/23 | 141.48 | 12/03 | 22.72 | 12/14 | 768.56 |
| 11/25 | 1,877.15 | 12/07 | 55.78- | 12/15 | 243.56 |
| 11/27 | 1,924.28 | 12/08 | 90.78- | 12/17 | 35.84 |
| 11/30 | 1,178.92 | 12/10 | 781.06 | | |

# All-in-One Statement

JAMES COLES DAY JR

Last Statement Date 11/18/09       This Statement Date 12/17/09

## INSTANT ACCESS SAVINGS

| | Annual Percentage Yield Earned: | 0.10% |
|---|---|---|
| | Average Balance: | 153.34 |

### Summary

| Previous Balance | 11/19/2009 | | 232.68- |
|---|---|---|---|
| Deposits/Credits | 0 Deposits and 6 other credits | | 1,587.37 |
| Withdrawals/Debits | 0 Checks and 11 other debits | | 1,051.52 |
| Ending Balance | 12/17/2009 | | 303.17 |
| Year-to-Date Interest Paid | | | 0.07 |

### All Other Activity

| Date | Credits | Debits | Description |
|---|---|---|---|
| 11/23 | 926.00 | | ATM DEPOSIT AT ASTRO PLAZA   WTC ON 11/22 AT 16:38 |
| 11/23 | | 83.50 | STAR WITHDRAWAL      DEL PARK 11 |
| 11/23 | | 83.50 | STAR WITHDRAWAL      DEL PARK 11 |
| 11/23 | | 103.50 | STAR WITHDRAWAL      DEL PARK 11 |
| 11/30 | 40.00 | | TOUCH TONE TRANSFER FROM CHECKING       2741-3706 |
| 11/30 | | 190.00 | TOUCH TONE TRANSFER TO CHECKING       2741-3706 |
| 11/30 | | 200.00 | ATM TRANSFER TO CHECKING 2741-3706   AT ASTRO PLAZA   WTC |
| 12/01 | 151.36 | | DEPOSIT - FIDELITY INVESTM PENSION |
| 12/03 | | 74.20 | PREAUTHORIZED NATIONWIDE      INS PREM |
| 12/07 | | 43.50 | STAR WITHDRAWAL    DEL PARK 11 |
| 12/07 | | 132.32 | PREAUTHORIZED NATIONWIDE .   INS PREM |
| 12/07 | | 35.00 | OVERDRAFT CHARGE - SEE DAILY BALANCE |

# All-in-One Statement

JAMES COLES DAY JR                    Last Statement Date 11/18/09     This Statement Date 12/17/09

## All Other Activity (Cont.)

| Date | Credits | Debits | Description |
|------|---------|--------|-------------|
| 12/14 | 70.00 | | ATM TRANSFER FROM CHECKING |
| | | | 2741-3706   AT ASTRO PLAZA  WTC |
| 12/14 | 400.00 | | ATM DEPOSIT AT ASTRO PLAZA  WTC |
| | | | ON 12/13 AT 14:24 |
| 12/15 | | 100.00 | PLUS TRANSFER    -1251 CENTERVILLE R |
| | | | WILMINGTON   DE |
| 12/17 | 0.01 | | INTEREST PAID |
| 12/17 | | 6.00 | PLUS SYSTEM TRANSACTION FEE |

## Daily Balance

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| 11/19 | 232.68- | 12/01 | 224.18 | 12/14 | 409.16 |
| 11/23 | 422.82 | 12/03 | 149.98 | 12/15 | 309.16 |
| 11/30 | 72.82 | 12/07 | 60.84- | 12/17 | 303.17 |

# All-in-One Statement

JAMES COLES DAY JR.               Last Statement Date 11/18/09      This Statement Date 12/17/09



#2176   12/01/09   $420.20

#2177   12/03/09   $36.00

#2178   12/17/09   $200.72

#2179   12/15/09   $325.00

#2180   12/15/09   $300.00

5

## GMAC

P.O. Box 8100
Hunt Valley, MD 21030
Phone: (800) 200-4622
Fax: (410) 584-0412

**# 4**

December 10, 2009

James C Day
26 Second Av #1
Wilmington, DE 19808

Account #: 020-____
Contract Date: 05/22/2004
VIN: 5Y2SL62844Z440858
Vehicle: 2004, Vibe,
Date Amount Financed Paid: 11/30/2009

Dear GMAC Financial Services Customer,

Congratulations on paying off your auto financing! And on behalf of the entire GMAC Financial Services team, thank you. It was our privilege to serve your auto financing needs.

If your contract included a charge for gap protection or other coverage, you might be eligible for a refund of part of the charge. If your contract includes such a charge, contact your dealer or provider to find out about a refund.

Now is a great time to put your money to work for you. Our high standard of service goes beyond auto financing. Whether you'd like to find a great mortgage rate, research a new insurance policy, or even invest in a high-yield CD or money market account, we at GMAC may be able to help. Learn more at www.gmacfs.com.

And remember, when it comes to financing your next vehicle, don't forget to ask your dealer about GMAC.

Sincerely,
GMAC Financial Services



**PLAINTIFF'S EXHIBIT**
**C**
ALL-STATE LEGAL®

EMR003   PIFG   020-905830888   T
MAIL

001.019690345





# CERTIFICATE OF TITLE TO MOTOR VEHICLE
## State of Delaware
DIVISION OF MOTOR VEHICLES

DEPARTMENT OF PUBLIC SAFETY

STOCK NO.
6974944

# 5

## SELLERS REPORT OF SALE
STATE OF DELAWARE
DIVISION OF MOTOR VEHICLES

WARNING—WHEN YOU SELL/RELEASE INTEREST IN THIS VEHICLE, YOU MUST MAIL THIS

# All-in-One Statement

JAMES COLES DAY JR

Last Statement Date 08/20/10    This Statement Date 09/21/10

## SERVICES SUMMARY

| Service | Account | Balance |
|---------|---------|---------|
| CUSTOM CHECKING | | 136.07 |
| INSTANT ACCESS SAVINGS | | 96.70 |

## CUSTOM CHECKING

Average Balance:    668.68

### Summary

| | | |
|---|---|---|
| Previous Balance | 08/20/2010 | 454.44 |
| Deposits/Credits | 0 Deposits and 4 other credits | 2,549.80 |
| Withdrawals/Debits | 10 Checks and 19 other debits | 2,868.17 |
| Ending Balance | 09/21/2010 | 136.07 |

### Check Activity

*Denotes a gap in sequence

| Date Paid | Check # | Amount | Date Paid | Check # | Amount |
|-----------|---------|--------|-----------|---------|--------|
| 08/25 | 2217 | 147.00 | 09/01 | 2222 | 131.00 |
| 08/25 | 2218 | 100.00 | 09/07 | 2225* | 62.00 |
| 08/31 | 2219 | 400.00 | 09/13 | 2226 | 34.80 |
| 09/21 | 2220 | 150.00 | 09/10 | 2227 | 74.20 |
| 08/31 | 2221 | 230.00 | 09/17 | 2228 | 620.00 |



### All Other Activity

| Date | Credits | Debits | Description |
|------|---------|--------|-------------|
| 08/25 | 1,133.90 | | DEPOSIT - |
| 08/26 | | 23.61 | QUICKCHECK PURCHASE ON 08/25 |

*Page 3 of 8*

# All-in-One Statement

JAMES COLES DAY JR

Last Statement Date 08/20/10     This Statement Date 09/21/10

## All Other Activity (Cont.)

| Date | Credits | Debits | Description |
|------|---------|--------|-------------|
| 08/27 | | 10.00 | ATM WITHDRAWAL     ASTRO PLAZA  WTC |
| 08/27 | | 75.00 | CONTACT CENTER TRANSFER TO 60013888 6001-3888 |
| 08/30 | | 218.85 | PREAUTHORIZED BANKERS LIFE 357 INS PREM |
| 08/31 | | 66.11 | PREAUTHORIZED VERIZON ARC    CHECKPAYMT CHECK    2223 |
| 09/01 | 151.00 | | CONTACT CENTER TRANSFER FROM 60013888 6001-3888 |
| 09/01 | | 11.50 | PLUS WITHDRAWAL   1251 CENTERVILLE WILMINGTON  DE AMOUNT CONTAINS 1.50 FEE LEVIED BY ATM OWNER |
| 09/01 | | 39.00 | ON-LINE PAYMENT TO STANDBY CR |
| 09/02 | 632.13 | | DEPOSIT - WAL-MART ASSOCS. PAYROLL |
| 09/02 | | 29.00 | PREAUTHORIZED VZ WIRELESS ARC CHECKPAYMT CHECK    2224 |
| 09/03 | | 20.00 | ONLINE TRANSFER TO SAVINGS        6001-3888 |
| 09/03 | | 110.00 | ATM WITHDRAWAL     ASTRO PLAZA  WTC |
| 09/10 | | 15.00 | ATM WITHDRAWAL     ASTRO PLAZA  WTC |
| 09/10 | | 141.57 | QUICKCHECK PURCHASE ON 09-09 NATIONWIDE INS AGENCY 800-276-4981 OH |
| 09/13 | | 9.74 | QUICKCHECK PURCHASE ON 09/11 Wal-Mart Store 5436 WAL-SAMS WILMINGTON   DE |
| 09/14 | | 22.25 | QUICKCHECK PURCHASE ON 09/14 WAL-MART #5436 1251 CENTERVI WILMINGTON   DE |
| 09/16 | 632.77 | | DEPOSIT - WAL-MART ASSOCS. PAYROLL |
| 09/17 | | 60.00 | ATM WITHDRAWAL     ASTRO PLAZA  WTC |
| 09/20 | | 2.59 | QUICKCHECK PURCHASE ON 09/18 Wal-Mart Store 5436 WAL-SAMS WILMINGTON   DE |
| 09/20 | | 12.95 | QUICKCHECK PURCHASE ON 09-17 ORCC        800-4383321 NJ |
| 09/20 | | 50.00 | QUICKCHECK PURCHASE ON 09-17 OXFORD MANAGEMENT SERVI800-4383321 NY |
| 09/21 | | 2.00 | PLUS SYSTEM TRANSACTION FEE |

# All-in-One Statement

JAMES COLES DAY JR                  Last Statement Date 09/21/10    This Statement Date 10/20/10

## SERVICES SUMMARY

| Service | Account | Balance |
|---|---|---|
| CUSTOM CHECKING | | 204.14 |
| INSTANT ACCESS SAVINGS | | 108.87 |

## CUSTOM CHECKING

Average Balance:                                  658.98

### Summary

| | | |
|---|---|---|
| Previous Balance | 09/21/2010 | 136.07 |
| Deposits/Credits | 0 Deposits and 5 other credits | 2,607.93 |
| Withdrawals/Debits | 8 Checks and 18 other debits | 2,539.86 |
| Ending Balance | 10/20/2010 | 204.14 |

### Check Activity                    *Denotes a gap in sequence

| Date Paid | Check # | Amount | Date Paid | Check # | Amount |
|---|---|---|---|---|---|
| 09/23 | 2229 | 11.60 | 10/05 | 2235 | 230.00 |
| 09/29 | 2230 | 101.00 | 10/06 | 2236 | 30.00 |
| 10/12 | 2233* | 100.00 | 10/11 | 2237 | 11.60 |
| 10/05 | 2234 | 400.00 | 10/19 | 2241* | 101.00... |

### All Other Activity

| Date | Credits | Debits | Description |
|---|---|---|---|
| 09/22 | 1,133.90 | | DEPOSIT - US TREASURY 303  SOC SEC |
| 09/22 | | 90.00 | CONTACT CENTER TRANSFER TO 60013888 |
| | | | 6001-3888 . |



PLAINTIFF'S EXHIBIT

*E*

ALL-STATE LEGAL

*Page 3 of 7*

# All-in-One Statement

JAMES COLES DAY JR                     Last Statement Date 09/21/10    This Statement Date 10/20/10

## All Other Activity (Cont.)

| Date | Credits | Debits | Description |
|------|---------|--------|-------------|
| 09/24 | | 120.00 | ATM WITHDRAWAL       ASTRO PLAZA  WTC |
| 09/28 | | 218.85 | PREAUTHORIZED BANKERS LIFE 357 INS PREM |
| 09/30 | 573.61 | | DEPOSIT - WAL-MART ASSOCS. PAYROLL |
| 09/30 | | 20.00 | QUICKCHECK PURCHASE ON 09-28 |
| | | | MICHAEL R HAAG DPM ATC WILMINGTON  DE |
| 09/30 | | 84.28 | PREAUTHORIZED VZ WIRELESS ARC  CHECKPAYMT |
| | | | CHECK      2232 |
| 10/01 | 151.36 | | DEPOSIT - FIDELITY INVESTM PENSION |
| 10/01 | | 9.47 | QUICKCHECK PURCHASE ON 09/30 |
| | | | N  DE |
| 10/01 | | 39.00 | ON-LINE PAYMENT TO STANDBY CR |
| 10/01 | | 100.00 | ATM WITHDRAWAL       ASTRO PLAZA  WTC |
| 10/05 | | 24.75 | PREAUTHORIZED WTADD8008607182  743394434 |
| 10/05 | | 68.11 | PREAUTHORIZED VERIZON ARC    CHECKPAYMT |
| | | | CHECK     2238 |
| 10/05 | | 318.29 | PREAUTHORIZED DELMARVA POWER  CHECKPAYMT |
| | | | CHECK     2231 |
| 10/08 | 138.00 | | ATM TRANSFER FROM SAVINGS |
| | | | 6001-3888   AT ASTRO PLAZA  WTC |
| 10/13 | | 74.20 | PREAUTHORIZED NATIONWIDE    INS PREM |
| 10/14 | 611.06 | | CONTACT CENTER TRANSFER TO 60013888 |
| 10/15 | | 38.00 | 6001-3888 |
| 10/15 | | 130.00 | ATM WITHDRAWAL       ASTRO PLAZA  WTC |
| 10/18 | | 12.95 | QUICKCHECK PURCHASE ON 10-15 |
| | | | ORCC        800-4383321  NJ |
| 10/18 | | 50.00 | QUICKCHECK PURCHASE ON 10-15 |
| | | | OXFORD MANAGEMENT SERVI800-4383321 NY |
| 10/20 | | 19.99 | QUICKCHECK PURCHASE ON 10/20 |
| | | | VERIZON WRLS 0 4345 KIRKWOOD WILMINGTON  DE |
| 10/20 | | 136.77 | PREAUTHORIZED DELMARVA POWER  CHECKPAYMT |
| | | | CHECK     2240 |